## LEECH *v.* STATE OF LOUISIANA.

ERROR TO THE SUPREME COURT OF LOUISIANA.

No. 152. Submitted April 15, 1909.—Decided May 17, 1909.

The Mississippi river is a boundary between Mississippi and Louisiana from below the port of Natchez as far north as Louisiana extends; but below Natchez all the river is wholly within Louisiana, and that State, subject only to the paramount power of Congress, has exclusive jurisdiction over pilotage in the river between points south of Natchez.

Section 4236, Rev. Stat., act of March 2, 1837, c. 22, 5 Stat. 153, allowing the master of vessels coming in or going out of ports on boundary rivers to employ any pilot licensed by either State, does not apply to pilotage to ports on a river below the point where it becomes a boundary river; and a pilot licensed only by Mississippi has no right to pilot a vessel from the Gulf of Mexico to New Orleans.

*Quære* whether under § 4236 a pilot licensed only by Mississippi can pilot a vessel from the Gulf to Natchez.

Neither continuity of water nor identity of name will make a river a boundary river except where it flows between the States it separates for a part of its course; it ceases to be a boundary river wherever it is wholly within one State.

119 Louisiana, 522, affirmed.

THE facts are stated in the opinion.

*Mr. George H. Terriberry* for plaintiff in error:

A regulation of pilots is a regulation of commerce, within

the grant of power to Congress in the Constitution of the United States. *Cooley* v. *Wardens of Philadelphia*, 12 How. 299.

The act of August 7, 1789, 1 Stat. 54, is not a grant of power to the States to pass pilot laws, but a legislative recognition that the power is concurrent in the States and the United States until exercised by the latter. *The Panama*, Fed. Cas. No. 10,702; *S. C.*, 1 Deady, 27.

The navigable waters of the former Territories of Orleans and Louisiana are public waterways of the Nation, subject to common use. Act of March 3, 1811, c. 46, 2 Stat. L. 666.

The provisions of a state law, regulating pilots and pilotage, which are in direct and manifest conflict with the act of March 2, 1837, concerning pilots, are inoperative and void. *The South Cambria*, 27 Fed. Rep. 525.

A pilot licensed by the State of Delaware is entitled to recover for services in piloting a vessel up the Delaware Bay and river to Philadelphia, notwithstanding a law of Pennsylvania prohibiting any one from acting as such pilot without a Pennsylvania license. *The Clymene*, 9 Fed. Rep. 164; *S. C.*, 12 Fed. Rep. 346.

The act of March 2, 1837, authorizing the master of a vessel bound to, or from, a port situate on waters which are the boundary between two States, to employ a pilot licensed by the laws of either State, applies to the laws of coterminous States situate upon a navigable river which is not a separating boundary between them. *The Clymene, supra.*

A statute of Louisiana purporting to give to that State absolute authority over the subject of pilots and pilotage on the Mississippi River to the exclusion of other States bordering thereon is inoperative and void for the reason that it conflicts with the act of March 2, 1837. *The Glenearne*, 7 Fed. Rep. 604; *The Clymene*, 9 Fed. Rep. 164; *S. C.* 12 Fed. Rep. 346; *The Chas. A. Sparks*, 16 Fed. Rep. 480; *The Abercorn*, 26 Fed. Rep. 877; *The South Cambria*, 27 Fed. Rep. 525; *The Alcalde*, 30 Fed. Rep. 133; *Dryden* v. *Commonwealth*, 55 Kentucky, 598; *Cribb* v. *State*, 9 Florida 409.

*Mr. Walter Guion,* Attorney General of the State of Louisiana, *Mr. J. R. Beckwith* and *Mr. N. H. Nunez* for defendant in error:

The act of March 2, 1837, does not apply to the case at bar, where the pilotage held to be unlawful was done upon waters wholly within the State of Louisiana and over which the State of Mississippi has no rights whatever. To come within the terms of the statute, the vessel must be coming into or going out of a port of entry situated upon waters which are the boundary line between two States at the point where the port is situated, and the statute cannot be made by construction to cover or relate to ports situated on waters which, at the locality where the port is located, have both banks or shores within the body and dominion of a single State. Cases cited by plaintiff in error discussed and distinguished.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an information charging the plaintiff in error with piloting a foreign vessel from the Gulf of Mexico to New Orleans, the port to which she was bound, he not being a duly qualified pilot under the laws of Louisiana. He was convicted after a trial, and the Supreme Court of the State pronounced the judgment correct. 119 Louisiana, 522. By demurrer, motion to quash and motion in arrest of judgment he raised the objection that the power of Louisiana was not exclusive, and that a license from the Board of Pilot Commissioners for the Harbor of Natchez, Mississippi, was a sufficient authority under the act of Congress of March 2, 1837, c. 22, 5 Stat. 153. Rev. Stat., § 4236.

The Mississippi River, it will be remembered, is a boundary between Mississippi and Louisiana from below the port of Natchez as far north as Louisiana extends. On the other hand, all the southernmost portion of the river is wholly within Louisiana. The destination of the vessel which the plaintiff in error undertook to pilot was to a point within this southernmost portion, New Orleans, as the information charged.

For the purposes of decision it may be assumed, although it is disputed, that the State of Mississippi has attempted to authorize the plaintiff in error to do what he did, while Louisiana has made his conduct criminal if it has power to do so under the United States law.

The section of the Revised Statutes reads as follows: "The master of any vessel coming into or going out of any port situate upon waters which are the boundary between two States, may employ any pilot duly licensed or authorized by the laws of either of the States bounded on such waters, to pilot the vessels to or from such port."

The case for the plaintiff in error depends upon the assumption that the "waters which are the boundary between two States" are, in this case, the whole Mississippi River so far as navigable. We are of opinion that the assumption is wrong, and that the limit of the waters referred to is the point at which they cease to be a boundary between two States. Neither continuity of water nor identity of name will carry them beyond that point. If the plaintiff in error had undertaken to pilot from the Gulf to Natchez, a different question would have been presented, and it may be that in that case the Mississippi license would have been good. But New Orleans, although upon the Mississippi, is not situate upon waters which are the boundary between two States, and therefore the section relied upon does not apply. That being out of the way, Louisiana had power to pass her local regulations. Rev. Stat., § 4235. Act of August 7, 1789, c. 9, § 4.   1 Stat. 54.

*Judgment affirmed.*