EASTERN DIST.
*April*, 1832.

LIPPINCOTT
ET AL.
*vs.*
INSURANCE CO.

---

## LIPPINCOTT ET ALS. *vs.* INSURANCE COMPANY.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

An error in a policy of insurance, may be corrected by the memorandum left by the insured, and the answer thereon, of the officer of the company.

This was an action upon a contract of insurance, in which the petition set forth :

That the policy varied from the terms of the contract, and that such variance, proceeded either from the error or fraud of

the defendants or their agents. It appeared from the evidence, that J. W. Zacharie & Co., (agents of the plaintiff) made application for insurance, in the following words : " *Insurance is wanted on the schooner Volant, for six months, with permission to trade to any port in the West Indies, Gulf of Mexico, or United States, valued at two thousand dollars. What will be the premium.*" On this application, was marked, the rate of insurance, and the word "*accepted.*" The latter signed with the initial letters of the applicant's name, which application remained in the defendants' possession, and was produced on the trial, at the instance of the plaintiff. The contract as shown by the policy, was in these words : " *Trading between New-Orleans and any port in the West Indies, United States, or Gulf of Mexico, except Rio Grande or Brassos St. Jago.*" It was admitted, that the schooner was lost on a voyage from Matanzas to Savannah, by one of the perils insured against, and within the period prescribed by the policy. There was a verdict and judgment for the plaintiffs, and the defendant appealed.

*Eustis*, for appellants. *Slidell*, for appellees.

*Mathews, J.* delivered the opinion of the court.

This suit is based on a contract of insurance, as entered into between the plaintiffs, by means of the agency of their attorney in fact, and the officers of the corporation.

The petition sets out the memorandum of the agreement, and also the policy, as made under it ; error or fraud is alleged in this instrument, as not having been reduced to writing in conformity with the terms of the application, made on the part of the plaintiffs for insurance, and agreed to by the insurers.

The cause was submitted to a jury, who found a verdict against the defendants,and from a judgment thereon rendered, they appealed.

Against the correctness of the verdict and judgment of the court below, the counsel of the appellants relies on two principal grounds ; first, that the contract, as evidenced by the memorandum which preceded the policy, admitting it to differ from that shown by the policy itself, merged in the

EASTERN DIST.
*April,* 1832.

LIPPINCOTT
ET AL.
*vs.*
INSURANCE CO.

EASTERN DIST.
April, 1832.

LIPPINCOTT
ET AL.
vs.
INSURANCE CO.

latter, and consequently the plaintiffs cannot be allowed to call to their aid, the original agreement; second, that the original contract is void, as not having been made in pursuance of the solemnities prescribed by the charter of the company, the members of the corporation, not being represented by persons, legally authorised to contract for them.

The application for insurance, is expressed in the following terms: " Insurance is wanted on the schooner Volant, James Curtis, master, for the term of six months, with permission to trade to any port in the West Indies, Gulf of Mexico, or United States, valued at two thousand dollars, what will be the premium." Marked on this application, is 7, P. C., with the initials of some name, presumed to be an officer of the corporation, and also the word " accepted," signed with the initial letters of the names of the applicants.

It is admitted, by the counsel of the defendants, that this memorandum or application, was acted on in the usual manner, in which similar propositions are treated by the officers of the company. Having been thus acted on, it is impossible for any honest man to doubt the validity of the contract, *ex æquo et bono*, and of its binding force, in *foro conscientiæ* Notwithstanding, however, the moral obligation, and perhaps legal, which would be imposed on an individual, circumstanced as this body politic is, in the present instance, yet, we are of opinion, that according to the mode of contracting, as pointed out by their charter, the memorandum of the agreement, passed on and accepted as it was, would not, in itself, create any legal obligation on the contracting parties, to comply with its stipulations, had it not been consummated by the policy made in due form.

It is true, that this instrument affords evidence of a contract different from that previously agreed on, between the applicants for insurance and the company, not legally represented in the transaction, according to the terms of their charter. A contract, however, was made in legal form, and the plaintiffs now allege, that it was erroneously or fraudulently reduced to writing, in a manner prejudicial to their interest, and contrary to the real intention of the parties, and that the insured

having complied with the obligation, on them imposed, by paying the premium, have a right to claim insurance on the part of the insurers, &c.

As to the doctrine of merger, contended for by the counsel of the defendants, it is believed, not to be applicable to the present case. The contract is essentially commercial, and should be tested by rules relating to transactions of this sort. We know of no unbinding principle of the law of evidence, which precludes proof of error in its reduction to form. It is clear, from the authorities found in Phillips on Insurance, that in England and the United States, where Courts of Chancery jurisdiction are established, separate from courts of law, the former have power to correct mistakes in policies of assurance. And to show and obviate errors, recourse is had to the label or original written proposition to insure, as acted on by the parties to the contract. *See Phillips on Insurance, p.* 13. In this state, where all the courts exercise both legal and equitable jurisdiction, they are competent to correct errors, such as is complained of in the present instance, whenever sufficient evidence is adduced to show their existence. The jury seem to have been satisfied, that there was error in reducing the contract to form, and we see no reason to adopt a conclusion, different from what they did under the evidence of the case. That which ought to have been done in making out the policy, must be considered as having been done, and the insurers are bound by its stipulations thus corrected.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Eastern Dist.*
*April,* 1832.

An error in a policy of insurance may be corrected, by the memorandum left by the insured and the answer thereon of the officer of the company.