## B. F. DAVEGA & CO. *v.* CRESCENT MUTUAL INSURANCE COM-
## PANY OF NEW ORLEANS.

A policy of insurance may be reformed, where it is demonstrated, by legal and exact
evidence, that there has been a mistake in filling it up, which has violated the understand-
ing of both parties.   But the petition must show, by clear and unequivocal allegations,
that there was, before the policy was framed, an agreement, a concurrence of the minds
of assured and underwriter to protect risks, which were afterwards, by the mistake or
fraud of the underwriters, left out of the formal instrument, or else it will be defective,
and proof to reform the policy, or vary the risks, will be rejected.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.
C. *Roselius* and *Miles Taylor*, for plaintiff.   Was the evidence properly
rejected ?   We contend that it was not, on the authority chiefly of the case of
*Tracy* v. *Theyer et al.*, 7 N. S. 355, 356, and of *Adams* v. *His Creditors*, 14
L. R. 463.

*John R. Grymes* and *M. M. Cohen*, for defendant.   The authorities are
now clear, that parol evidence cannot be given to vary the terms of the written
contract where there is no ambiguity in the contract itself, and there is none in
the policy sued on.   1 Arnould, 65, 79.   *Truman* v. *Loder*, 11 Ad. & El. 589,
39 Eng. Com. Law Rep.   *Yates* v. *Pym*, 6 Taunt. 446, 1 E. C. L. R.   1
Hall's S. C. R. 632.   10 Metcalf, 216.   2 Denio, 75.   1 Sanford, 132.   1 Green-
leaf, § 292.   3 Kent's Com. p. 260.   3 Mason, 6.   2 Sumner, 567.   Ib. 327.
1 Emerigon.

By the court :

SLIDELL, J.   The plaintiffs claim payment for goods destroyed by fire at San
Francisco, on the 4th May, 1850.   The policy of insurance states that it insures
*David C. Labatt*, for account of *B. F. Davega & Co.*, against loss or damage
by fire, to the amount of $5000, for one year, on merchandise, being stock in
trade, consisting of dry goods and clothing, contained in the wooden building,

---

*Acts of 1852, p. 15.   R.

situate on Kearney street, fronting the public square in San Francisco, occupied by *D. F. Davega & Co.* The blanks, in the usual printed clause, are filled up, so as to protect the assured for such loss as shall happen by fire to the property insured during twelve months, to wit, from the 6th day of May, 1850, unto the 6th day of May, 1851.

<div style="float:right">DAVEGA<br>*v.*<br>CRESCENT<br>MUTUAL INSU-<br>RANCE CO.</div>

There was judgment, as in case of nonsuit, in the court below, and the plaintiffs have appealed.

We are inclined to the opinion that there was error in rejecting the letter and plan offered in evidence by the plaintiff, upon the particular ground adopted by the district judge. But, it is not probable that any useful end would be attained in remanding the cause for a new trial, entertaining, as we do, the opinion, that the petition is loose and defective in its averments, not exhibiting with legal accuracy and clearness, a cause of action, nor duly enunciating matters of fact, which, it is shown by suggestions contained in the bill of exceptions, the plaintiffs intended to rely upon.

We do not doubt that a policy of insurance may be reformed, where it is demonstrated, by legal and exact evidence, that there has been a mistake in filling it up, which has violated the understanding of both parties.

But, a petition for such relief should set forth by distinct and direct averments, not only that the petitioner contemplated a different protection from that expressed in the policy, but that his wishes were communicated with reasonable certainty to the underwriters, and were by him also understood and assented to, and that the subsequent failure to embody them in the policy was the result of fraud or mistake on the part of the underwriter. There must be a distinct showing by clear and unequivocal allegations, [not as in this case argumentatively, and by ambiguous inference] that there was before the policy was framed an agreement, a concurrence of the minds of the assured (or his agent) and the underwriter to protect risks, which were afterwards, by the mistake or fraud of the underwriter, left out of the formal instrument.

The judgment of the district court leaves the plaintiffs the right to bring another action, and for the reasons above stated, it is affirmed, with costs.