(10i South. 118)

No. 24736.

## GAUDET v. NORTH RIVER INS. CO.

· (June 28, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Insurance ☜143(1)—Policy may be reformed so as to conform to intention.**

An insurance policy, which is not in accord ·with the contract which it purports to evidence, will be reformed by equity so as to conform to parties' intention.

**2. Insurance ☜143(3)—Mutual mistake or mistake on .one side and fraud on other necessary for reformation of policy.**

In order for a court to reform an insurance contract, there must have been either mutual mistake or mistake on one side and fraud on the other.

**3. Insurance ☜143(3), 226—Mistake on one side may authorize rescission but not reformation.**

A mistake on one side merely may authorize rescission but not reformation of policy.

**4. Reformation of instruments ☜45(14)—Evidence held not to show mutual error in provision of policy as to ownership of premises.**

Evidence *held* not to show a mutual error in provision of policy covering building on leased land, that policy should be void if building was not on ground owned in fee simple by insured, justifying reformation of policy.

· Appeal from Twenty-Seventh Judicial District Court, Parish of St. James; Sam A. ·Le Blanc, Judge.

Action by Dr. Lucien S. Gaudet against the North River Insurance Company. From a judgment of dismissal plaintiff appeals. Affirmed.

William B. Le Bourgeois and J. Zach Spearing, both of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar,· of New Orleans, for appellee.

By Division A, composed of O'NIELL, ,C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. This is an action on an insurance policy. Plaintiff seeks to reform the contract and to collect the amount of indemnity therein stipulated.

The petition substantially sets forth that plaintiff was the owner and occupant of a two-story frame dwelling, situated near the station or post office of St. James, in the parish of the same name; that he applied ·to the defendant company, through its general agent, L. A. Colomb & Son, Limited, of Donaldsonville, for fire insurance to the extent of $2,500 on said building; that at that time the said agent was advised and had knowledge of the fact that plaintiff did not own the land upon which the building was located, but· had the right, under certain conditions, to purchase it; that said agent and petitioner well understood and agreed that the policy was to be issued, notwithstanding the building was erected on ground not owned by petitioner; that through error, mistake, and fault of the defendant company and its agent, and contrary to the intentions and agreement of the parties, the policy contained a stipulation that it should be void if the building was on ground not owned by the insured in fee simple. After further showing that the premises were totally destroyed by fire, that he furnished the necessary proofs of loss, and that defendant failed to pay the loss, plaintiff prayed for judgment decreeing that the contract of insurance covered the building therein described, located on the ground not owned by him in fee simple, and awarding petitioner the full value of his policy.

Defendant answered, admitting the issuance of the policy, denying the alleged prior agreement, and averring that the policy as issued evidenced the contract between the parties. Defendant pleaded in bar of plaintiff's right of recovery that the subject of the insurance was not, as required by the policy, located on ground owned by the insured in fee simple.

The court below dismissed the suit, and plaintiff appealed.

It is undisputed that plaintiff was the lessee, and not the owner, of the ground on which his residence was located.

The policy stipulates that it shall be void if the subject of the insurance be a building on ground not owned by the insured in fee simple.

Plaintiff contends that, due to the fault of defendant, the contract as written does not express the agreement between the parties; that it was his intention to obtain, and the intention of the agent of the defendant company to issue, a policy which would cover the building while it was located on leased ground.

[1] The principle is well established that an insurance policy which is not in accord with the contract it purports to evidence will be reformed by equity so as to conform to the intention of the parties.

[2] In order, however, for the court to reform an insurance contract, there must have been either mutual mistake or mistake on one side and fraud on the other. Davega v. Ins. Co., 7 La. Ann. 229.

[3] A mistake on one side merely may authorize the rescission, but not the reformation, of the contract. Where there is no meeting of the minds there is no contract, and hence nothing to be reformed.

[4] The issue, in the instant case, is one of error, and not of fraud, in reducing the agreement to form. The court below was satisfied that no mutual error had been committed, and we see no reason to adopt a different conclusion.

The evidence shows that the negotiations for the policy were conducted between plaintiff and one M. F. Bloomstiel, secretary-treasurer of the corporation of L. A. Colomb & Son, Limited, representing the defendant insurance company. Plaintiff testified that prior to the issuance of the policy Bloomstiel was informed and had knowledge of the fact that the building was on leased ground, and agreed that the contract should be entered into under those conditions. This testimony is flatly contradicted by that of Bloomstiel, who states positively that the first information he received that the building was on leased ground was after the fire, when the New Orleans Adjustment Company raised the issue, and disclaimed liability. In further rebuttal of plaintiff's testimony, defendant offered in evidence a daily report, filled out and sent to it by its agent on the same day the policy was issued, in which, in reply to the question: "Is the property on leased ground?" he answered, "No." This report, made at the time when the facts were fresh in the minds of the parties, and in the absence of any suggestion of fraud or willful misrepresentation on the part of the agent, is strongly corroborative of the agent's testimony that he neither received information nor had knowledge that plaintiff was not the owner of the land on which his building was located.

Considerable stress is laid by counsel for plaintiff on letters written by the agent to his company, after the fire, in an effort to have the loss adjusted. We are unable to attach the same probative value to these letters as does counsel. Our conclusion, the same as reached by the district judge, is that they were prompted by an earnest desire on the part of the agent to satisfy a good client and a close friend. These letters cannot outweigh the testimony given by the agent under oath.

The policy in question was issued and delivered to plaintiff about four months before the fire. If, as he claims, an agreement had been reached between the agent and himself that the policy would be issued notwithstanding the building was located on leased ground, he should have seen that the agreement was incorporated in the contract. He did not do so. Non constat if he had called the attention of the insurance com-

pany to the discrepancy between the policy as issued and the agreement alleged to have been made, the company would have entered into the contract.

The expression that the building insured was situated on "the" Cabanahossey plantation and not on "his" Cabanahossey plantation is without any special significance. It is inserted on that line of the policy used to designate streets when city property is covered and has no reference to, or connection with, the ownership or title of the property. The agent explained the use of the expression by showing that it was copied from a policy previously issued by some other company on the same property.

Judgment affirmed.