(107 So. 298)

No. 25531.

## HARDIN BAG CO., INC., v. MILWAUKEE MECHANICS' INS. CO. et al.

(Feb. 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Insurance** ⚖➙143(3).

Policy of insurance may be reformed because of an error which results in failure of policy to set forth true understanding and agreement of the parties.

2. **Insurance** ⚖➙143(4)—Policy covering goods while stored in division of warehouse cannot be reformed to cover them wherever stored, when minds never met on such agreement.

Where owner of bags stored in warehouse wishing insurance thereon was informed by agency that it would be necessary to have division number, and was misinformed by some one at warehouse as to division in which bags were stored, policy insuring them while in that division was not the result of meetings of minds to insure goods wherever stored, and could not be reformed accordingly.

3. **Insurance** ⚖➙419—Recovery cannot be had for goods destroyed while stored in another warehouse division than called for in policy.

Where policy insured goods only while stored in certain division of warehouse, and they were destroyed while stored in another division, there could be no recovery on policy.

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

Suit by the Hardin Bag Company, Inc., against the Milwaukee Mechanics' Insurance Company and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Dart & Dart, of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellees.

OVERTON, J. Plaintiff was the owner, on June 22, 1920, of 63,000 secondhand rice sacks, and intended to store them in the Appalachian warehouse in New Orleans. It wished insurance against fire on the sacks, and, through its chief clerk, Charles G. Knight, telephoned the Sinclair Agency to insure the sacks for $10,000. A. W. Barnes, an official of that agency, received the message and asked Knight in what division of the warehouse the sacks would be, or were, stored, advising him that this information was necessary in writing the insurance. Knight said that he did not know, and suggested to Barnes that he telephone the warehouse for the information. Barnes replied, suggesting that Knight obtain the information from the warehouse and advise the agency. Knight telephoned the warehouse immediately, but failed to get in touch with any one there. The Sinclair Agency thereupon, in a company not connected with this litigation, issued a binder, for the night, on the sacks for the amount of insurance desired. On the next day Knight got in touch with the warehouse, and some one there informed him that the sacks would be, or were, stored in division 3. Knight then telephoned the agency, Barnes receiving the message, that the sacks would be, or were, stored in division 3. Upon the receipt of this information, the agency issued two policies on the sacks, each for $5,000, one in the Milwaukee Mechanics' Insurance Company, and the other in the Northwestern National Insurance Company, insuring plaintiff against all direct loss and damage by fire to said sacks while located and contained in the Appalachian warehouse, division No. 3, and not elsewhere.

The policies were mailed plaintiff and received by it, but it made no examination of them. On July 30, 1920, over a month after the policies had been written, a fire occurred in division 2 of the warehouse and destroyed the sacks while stored in that division.

The discrepancy between the location of the goods as stated in the policies and their actual location was not observed until after the fire. At first the agency spoke as if it would be able to adjust the matter, but whatever effort it may have made in that direction

came to naught, for both of the insurers, the Milwaukee Mechanics' Insurance Company and the Northwestern National Insurance Company, refused to pay the policies.

When these companies refused to pay, this suit was instituted against both of them to reform the policies so as to make the policies show that the goods were insured wherever located in the Appalachian warehouse, and to recover from each company the full amount of the policy written by it, together with legal interest, penalties, and attorneys' fees.

The theory upon which the reformation is asked is that, at the time the insurance was effected, it was the intention of the parties to the contracts to fully insure the goods against fire while in storage in the Appalachian warehouse without reference to divisions, and that, in describing the location of the goods as being in division 3, thus apparently limiting, as to place, the insurance on the sacks while they were in that division, there was a mutual error of fact, for at no time were the goods in that division.

[1] A policy of insurance may be reformed because of an error which results in the failure of the policy to set forth the true understanding and agreement of the parties. Thus, in Davega & Co. v. Crescent Mutual Insurance Co., 7 La. Ann. 228, to quote from the syllabus, which correctly states the ruling made, it was said:

"A policy of insurance may be reformed, where it is demonstrated, by legal and exact evidence, that there has been a mistake in filling it up, which has violated the understanding of both parties. * * *"

But, as said in Gaudet v. North River Insurance Co., 101 So. 118, 156 La. 719:

"A mistake on one side merely may authorize the rescission, but not the reformation, of the contract. Where there is no meeting of the minds there is no contract, and hence nothing to be reformed."

[2] Here, there was no meeting of minds to insure the goods wherever stored in the warehouse, without reference to divisions. The Sinclair Agency realized that it could not write such policies without violating instructions from the companies which it represented. As a matter of fact, the warehouse was subdivided into several divisions, each division being protected by fire walls against fire originating in an adjoining division. The risk in some of the divisions was greater than in others. The companies represented by the agency had instructed it not to write more than a fixed amount of insurance that would subject them to liability because of a single fire. It so happens that each of the defendants in this case had instructed the agency not to write over $5,000 on goods stored in any one of the divisions of the Appalachian warehouse, and that the agency had written already for each of defendants that amount on goods in division 2. Hence there was every reason why the agency should ascertain the division in which the goods were or would be stored. It was due to these facts that the agency asked Knight for this information, when application was made through him for the insurance, and, when Knight could not give the information, told him to obtain it and advise the agency. It was, as we have seen, that when Knight advised the agency that the goods were or would be stored in division 3 the policies were written on the goods, insuring them while in that division, and so written were delivered to plaintiff. These facts do not show that defendants, through their agent or otherwise, consented or intended to insure the goods without reference to divisions while stored in the Appalachian warehouse, or to insure them while stored in division 2, nor does the record contain any evidence showing that defendants so intended or consented. Hence it does not appear that there was a common understanding to so insure the goods, and, as there was no such understanding, there is nothing to be reformed. The entire trouble is due to the fact, in so far as the record dis-

closes, that plaintiff was misinformed by some one at the warehouse as to the place of storage and misinformed defendant's agent. It is obvious that defendants are not chargeable with this error, and that its commission cannot supply the consent necessary to the formation of the contract which plaintiff has sought to establish. The record discloses no ground for reformation.

[3] As the goods were insured by defendants only while stored in the Appalachian warehouse, division 3, and as they were destroyed while stored in another division, there can be no recovery on the policies. Thus, it is said:

"Place is ordinarily material to the contract and the very essence of the risk. With varying locations the risk is apt to vary, and whether it does or not the insurers have the right to know what risk they are assuming, and often decline an insurance because of the amount already placed by them upon, or in, the same building." Richards on Insurance Law (3d Ed.) p. 292.

There is every reason in this instance to apply the foregoing rule. In fact, the policies by their very terms insure the goods only while contained in the Appalachian warehouse, division 3, and not elsewhere, and hence, by their wording, clearly preclude recovery if destroyed while stored elsewhere.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.