NOBLE, Appellant, v. UNION INDEMNITY CO.

------

(May 10, 1926. Opinion and Decree.)
(Jan. 17, 1927. Opinion and Decree on Rehearing.)
(Mar. 2, 1927. Writ of Certiorari and Review Denied by Supreme Court.)

------

*(Syllabus by the Court.)*

1. Louisiana Digest—Insurance—Par. 172, 174; Pleading—Par. 62, 81, 82.

Where plaintiff alleges that a policy of insurance does not represent the terms of the contract of insurance, mutually agreed upon, and prays that the policy be reformed so as to conform to the contract, a cause of action is presented, notwithstanding the fact that such allegations appear only in a supplemental petition in a suit which was originally brought upon the policy as written. Nor is it necessary to

discover the allegations of the original petition.

Appeal from Civil District Court, Division "A". Hon. Hugh C. Cage, Judge.

Action by C. O. Noble against Union Indemnity Company.

There was judgment for defendant and plaintiff appealed.

Judgment reversed. Reinstated on rehearing.

Monroe & Lemann, W. J. Suthon, Jr., of New Orleans, attorneys for plaintiff, appellant.

J. C. Henriques, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This is an appeal from a judgment maintaining an exception of no cause of action.

The petition alleges that on January 20, 1920, the defendant issued a policy to the firm of Gardiner and Noble covering liability for workmen's compensation for a period of one year; that at that time the only work in which the firm of Gardiner and Noble was engaged was that of oil-producing and oil-well drilling in conjunction with the Gulf Refining Company as a joint venture under an agreement whereby the refining company paid one-half the expenses and Gardiner and Noble the other half as was well known to dedenfant's agents who issued the policy; that this arrangement contemplated the payment of all compensation due employees on a basis of one-half by each party to the agreement; that defendant construed the policy issued to Gardiner and Noble as aforesaid accordingly and collected a premium upon a basis of one-half the payroll of the joint venture and paid claims upon such basis; that when the term of the policy issued to Gardiner and Noble expired the firm had dissolved but the same business was being carried on under the same arrangement with the qualification that the Gardiner and Noble interest was divided, Gardiner assuming one-fourth and the plaintiff assuming one-fourth of the expenses of operation and compensation due injured employees; that upon being advised of this change the agents of the defendant recommended separate policies for Gardiner and Noble and acting upon their suggestion, Noble received a separate policy; that plaintiff understood this separate policy covered his liability in the joint adventure; that the premium or as much thereof as was due was paid and finally that on November 21, 1921, during the term of this separate policy one Alvin J. Akers, an employee of the joint adventure or as counsel puts it, the partnership of the Gulf Refining Company, Gardiner and Noble, was killed in an accident within the scope of the Workmen's Compensation Act, involving the liability of the Gulf Refining Co., Gardiner and plaintiff for medical and funeral expenses and for compensation to dependents of the said Akers, which at the time of filing of this suit amounted to $260.25 so far as plaintiff was concerned. He asks for judgment for this amount with reservation of his right to sue for such further sums as he may be called upon to pay in this regard.

To this petition an exception of no cause of action was filed based upon the fact that the policy which was attached to the petition covered liability for injuries to the employees of plaintiff only and not employees of a partnership or joint enterprise. This exception was maintained with leave to amend so as to convert the action into one to reform the contract of insurance. Thereupon a supplemental petition was filed in which

plaintiff after reaffirming the allegations of his original petition and fully reserving the benefit thereof alleged that "it was the mutual and common intention of both parties to the contract which said policy evidences, that same should cover petitioner's one-fourth pro rata of the liability of the employer, under the Workmen's Compensation Act, for compensation * * * payable to * * * employees in the course of the joint oil-producing and oil-well operations then being conducted jointly by the Gulf Refining Company, James W. Gardiner and petitioner". The supplemental petition concludes with a prayer in the alternative, relief being again prayed for under the original petition, for a reformation of the policy so as to correct "a mutual error and mistake" and conform to the "common intention and understanding" of the parties. To this supplemental petition defendant also filed an exception of no cause of action which was sustained and plaintiff has appealed.

Plaintiff's counsel, consistently and strenuously, contended in argument that his original petition presented a cause of action, asserting that the rules of construction and interpretation sustain his position in this regard. He cites Art. 1958 R. C. C.:

"When the intent of the parties is doubtful, the construction put upon it, by the manner in which it has been executed by both, or by one with the express or implied assent of the other furnish a rule for its interpretation."

And Art. 1949 R. C. C.:

"When there is anything doubtful in one contract, it may be explained by referring to other contracts or agreements made on the same subject between the same parties, before or after the agreement in question."

And Corpus Juris, vol. 13, p. 546:

"Where the parties to a contract have given it a practical construction by their conduct, as by acts in partial performance, such construction is entitled to great if not controlling weight in determining its proper interpretation, particularly where such interpretation is agreed on before any controversy has arisen."

We are referred also to Commercial Bank of New Orleans vs. City of New Orleans, 17 La. 190, and to Bowers Hydraulic Dredging Company vs. U. S., 214 U. S. 176; 143 Fed. 757; 216 Mass. 323, and 129 N. E. 291.

The argument proceeds, in the words of counsel—

"Accordingly, when the defendant voluntarily and with the full facts in its possession construed the insurance policy issued to Gardiner and Noble as applying not exclusively to an enterprise conducted solely by that insured, but to the interest of that insured in an enterprise conducted by that insured jointly with the Gulf Refining Company, it gave to the words used in that policy the meaning and the significance necessary to make the language apply to such a risk. When the time for renewing that policy came, Noble and Gardiner, having severed their partnership relation, but being still engaged as individuals in the same joint enterprise with the Gulf Refining Company, received individual policies of the same character as the previous policy, except for the change in the insured from a partnership to an individual. We submit that in such a situation, there is a sufficient identity of parties to permit the plaintiff to invoke the doctrine of practical construction. When Noble, as an individual, received the policy in suit, he had the right to believe that its terms afforded to him, as an individual, the same coverage as to joint operations with some third person, as the defendant by its conduct had led him to believe was afforded the prior policy issued to the partnership of Gardiner and Noble."

On this point, we concede the force of counsel's argument but we are also aware

of the difficulty in going as far as he does by construction. However, there is no doubt in our minds of plaintiff's right to reform the policy and in the same proceeding. Darega & Co. vs. Crescent Mut. Ins. Co. of N. O.; 7 La. Ann. 228, Argiumbau vs. Germania Ins. Co., 106 La. 148, 30 So. 148; Gaudet vs. North River Ins. Co., 156 La. 719, 101 So. 118. Counsel admits plaintiff's right to sue to reform the policy, and by way of supplemental petition in the same suit, but claims he has not done so. The argument seems to be that because of plaintiff's insistence upon his original petition, he has not sued to reform; that the suit to reform can not be brought in the alternative. See Phillips, et al., vs. W. T. Adams Mach. Co., 52 La. Ann. 442, 27 So. 65; Harrison, et al., vs. Soulabere, 52 La. Ann. 707, 27 So. 111. No authority is cited in support of this position and we know of none. We are of opinion that plaintiff by his supplemental petition has presented a cause of action for the reformation of the policy sued on, and are pleased to observe that there is so little difference between counsel for appellee and ourselves as appears by the following concluding words in his able brief:

"I do not think there is any question that plaintiff cannot recover under his original petition, and if this court holds that his supplemental petition has converted his suit into one to reform a policy only, then we have no complaint, but the facts are that his supplemental petition is not one of that kind, and, therefore, the judge was correct when he held that the plaintiff had not complied with his order, and not having complied with his order and his judgment, the supplemental petition likewise did not disclose a cause of action."

The judgment appealed from is reversed and it is now ordered that the exception of no cause of action directed to the sup-

plemental petition filed herein be overruled and the cause remanded for further proceedings according to law.

---

ON REHEARING.

WESTERFIELD, J. We have carefully reconsidered this case in the light of the able arguments of counsel on rehearing with the result that we are confirmed in our original views.

Th only difference between the trial judge and ourselves consists in the opinion we entertain in respect to the supplemental petition. We think this petition sufficient to convert plaintiff's action into one to reform the policy sued on, while our brother below thought otherwise. The policy as written cannot support plaintiff's demand. It must be shown that the policy does not evidence the contract between the parties, or plaintiff cannot recover. Our original decree is therefore reinstated.

Original decree reinstated.