No. ——

First Circuit

----

PARKER v. CITIZEN FIRE INSURANCE COMPANY OF MISSOURI

----

(June 26, 1926, Opinion and Decree.)
(July 7, 1926, Rehearing Applied for.)

----

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Insurance—Par. 177.**

Parol proof is admissible to show that the answers in an application for insurance were falsely and fraudulently inserted by the agent of the insurance company.

2. **Louisiana Digest—Insurance—Par. 72.**

An insurer cannot avoid its policy because of mis-statement in the application, material to the risk, but due to mistake or negligence of its agent and not to fraud of bad faith of the insured.

3. **Louisiana Digest—Insurance—Par. 29.**

Where the parties have entered into a contract for fire protection and there is error or fraud on the part of the underwriter, the agreement will be reformed so as to conform to the intention of the parties.

Appeal from the Parish of Washington, Hon. Prentiss B. Carter, Judge.

Action by John Wilson Parker against Citizen Fire Insurance Company of Missouri. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Bascom D. Talley, of Bogalusa, attorney for plaintiff, appellee.

Jno. C. Hollingsworth, of New Orleans, and Miller and Richardson, of Bogalusa, attorneys for defendant, appellant.

MOUTON, J.    In February, 1924, plaintiff made an application to defendant company for the insurance of a dwelling house, barn, etc., situated in Washington Parish. The application was taken by F. C. Lee, the local agent of defendant company, was sent by him to the domicile of the company at Atlanta, Georgia, from where the policy was subsequently issued to plaintiff. The application remained with the company.

Among the questions propounded to the plaintiff in the application which formed part of the policy, were as to whether he was the sole owner of the property, as to the existence of an encumbrance on it, and as to whether it was occupied by plaintiff, the owner. The answers of plaintiff thereto as appear in the application, were that he was the owner, occupied it as such, and that there was no encumbrance on the property. It is evident that these representations in the application were material to the risk, and if false, would operate an avoidance or forfeiture of the policy. Brignac vs. Pacific Mutual Life Insurance Company, 112 La. 574, 36 South. 595; Gonsoulin

vs. Equitable Life Assurance Soc. of United State, 152 La. 865, 94 South. 424; Murphy vs. Royal Ins. Co. of Liverpool, 52 La. Ann. 775, 27 South. 143.

The proof shows that the property was an asset of the community which had existed between plaintiff and his first deceased wife, and at her death, that half had passed to his minor children. The half ownership of these minors, it is shown, had been adjudicated to the plaintiff at the time the insurance was applied for and the policy issued. The contentions of the plaintiff are that the answers in the application that there was no encumbrance on the property, and that plaintiff occupied the dwelling hereinabove referred to, were inserted therein falsely and fraudulently by F. C. Lee, the agent of the company. The determination of these questions presents the vital issue in the case. Judgment was rendered for plaintiff in the amount claimed for the destruction of the property by fire.

Defendant appeals.

Plaintiff naturally relied on parol evidence to show that the fraud by him alleged had been committed by the company's agent. The defendant contends that parol evidence is inadmissible to attack the verity of a contract of insurance. As a general proposition in the absence of allegations of fraud or error, this is unquestionably the rule. In support of this contention defendant company cites 183 U. S. 364, 46, Law Edition 236, where the court recognizes this principle. In that very decision the court said that "it is the knowledge of the inconveniences that attend oral evidence that has led to the custom of putting important agreements in writing, and to the legal doctrine that protects them where so expressed, and where no fraud or mutual mistakes exist from being changed or modified, etc."

It is distinctly recognized there that where fraud or mistake exist, a modification of the written instrument by parol is permissible. We therefore hold that the parol proof offered by plaintiff to show that the answers in the application were inserted therein fraudulently, was properly admitted. See also Lippincott vs. Insurance Co., 3 La. 546; Brent vs. Reeves, 3 La. 5; Delogny vs. Smith, 3 La. 418; Danega & Co. vs. Crescent Mutual Insurance Co. of New Orleans, 7 La. Ann. 228; Gaudet vs. North River Ins. Co., 156 La. 719, 101 South. 118.

The proof shows plaintiff was not living in the house upon which he took insurance, at the time he made the application. His son was living there with his family. It is shown that Lee, the agent of the company, had, prior to the making of the application for the insurance, inspected the house of the plaintiff in which his son was then living; that he had, on that occasion, met plaintiff's son and therefore knew he occupied it. Plaintiff was then living about a mile away from there in a home belonging to his second wife. It was there the application was taken.

Plaintiff says he told Lee that the interest of the minors in the property had been adjudicated to him, that it was encumbered with a mortgage and that his son was living in it with his family. He says Lee replied such matters were immaterial, and were of no effect either as to plaintiff or the company. Plaintiff said that Mizell and his son were present when this conversation was going on between him and Lee, both of these parties testify that plaintiff made those disclosures to Lee.

The record shows, that plaintiff is a man of little education, can barely read, and can write with still more difficulty than he can read. The answers were undoubt-

edly inserted, as they appear in the application, by Lee, in whom plaintiff, it seems, had placed implicit confidence.

It is undoubtedly true and that Lee knew that plaintiff's son and not plaintiff, was living in the house upon which the insurance was being taken. As he knew this to be true, it is impossible to believe that he would have put in the application that plaintiff was occupying the house if he intended to make an honest return to his company. It is inconceivable also that plaintiff could have deceived him in respect to this vital fact, even if plaintiff, himself, had inserted the answer thereto as appears in the application.

Counsel for defendant company says that Lee could have had no motive in thus making these false entries in the application. The company could not locate Lee, he did not appear as a witness, and we have no information as to the basis for the remuneration for his services to the company. It is possible he was working on a commission basis, or under some other arrangement, but however, this may be, he must unquestionably have been interested in getting insurance policies for the defendant. Evidently, he had some interested motive in obtaining the policy in question, and from the evidence, we are of the opinion, as the district judge must obviously have believed, that this agent, Lee, falsely and fraudulently inserted the answers in the application.

This application, it must be noted, though the policy was delivered to plaintiff, remained in the possession of defendant company at its home office in Georgia, which accounts for plaintiff not making any complaint as to these false answers until about the time suit was being instituted when he was afforded the opportunity of seeing a copy of the application in the hands of his attorney, and there related to him the disclosures he had made to Lee when the application was prepared. This statement from plaintiff to his attorney resulted in this suit.

In the case of Eames vs. Home Insurance Co., 94 U. S. 621, 24 L. ed. 298, it was held that it is no objection that the application does not truly set forth the title of the insured and the encumbrances on the property, and the insurance in other companies, when all the facts were fully communicated to the agent of the company, and were known to him, and where he wrote out the answers in the application. The court held in that case that the insurance company was bound by the act of its agent. Here, all the important facts and material to the risk in reference to the title, encumbrance on the property, and its occupancy, were communicated to the agent who falsified the answers so as to secure the policy for his company.

The insurer can not avoid its policy because of mis-statement in the application, material to the risk, but due to mistake or negligence of its agent and not to fraud or bad faith of the insured. This was so held in Ben-Hartoz vs. Mut. Ins. Assn. of Iowa, 196 N. W. 844. In this case no fraud or bad faith was practiced by the insured as it is shown that he gave a correct statement of the facts material to the risk. The fraud was on the part of the agent of defendant company who made the false entries of which plaintiff justly complains. In cases of this character the general rule is that insurance companies are bound by the acts of their agents who undertake to write the answers for the applicant, and lead him to believe that the contract is effective.

Defendant received the premiums on the policy in question in this suit, is bound by

its terms, and is equitably estopped under the circumstances of the case from relief by a plea in avoidance or forfeiture.

In such cases where the parties have entered into the contract for fire protection and where there is error or fraud on the part of the underwriter, the case here, the agreement will be reformed so as to conform to the intention of the parties. Danega. & Co. vs. Crescent Mutual Ins., Co., 7 La. Ann. 228; Gaudet vs. North River Ins. Co., 156 La. 719, 101 South. 118.

The policy was reformed by judgment below, decreeing defendant company liable for the amount claimed. Finding no error in this judgment, it is therefore affirmed with costs.