(122 So. 278)

No. 29357.

POPE–GAMMILL LUMBER CO. et al. v. ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited.

April 22, 1929.

B. T. Dawkins and W. C. Roberts, both of Alexandria, for appellant.

White, Holloman & White, of Alexandria, for appellees.

THOMPSON, J.   This is a suit to reform or correct an insurance policy known as the standard workman's compensation and employer's liability policy, and to recover from the insurance company the amount paid by the plaintiff to one of its employees who was injured while in the course of his employment.

The policy was issued to M. A. Walker, employer, Pineville, La.; whereas, it is claimed that the policy was applied for and should have been issued in the name of the plaintiff as employer.

It is alleged in the petition that by mistake of the insurance company, the employer named in the policy was written as M. A. Walker; whereas, M. A. Walker was plaintiff's superintendent in charge of their sawmill operations and it was the intention of the insurance company and of plaintiffs that the name of the employer should have been written, and was, the Pope-Gammill Lumber Company.

The defendant denies that there was any mistake in issuing said policy, and alleges that said policy was written in favor of M. A. Walker under special instructions to so write it.

There are no controverted legal propositions involved.   The issue is mainly one of fact.

█ It is conceded that:

"An insurance policy, which is not in accord with the contract which it purports to evidence, will be reformed by equity so as to conform to parties' intention."   Gaudet v. North River Ins. Co., 156 La. 719, 101 So. 118.

It was stated in the foregoing case, in line with Davega v. Crescent Mut. Ins. Co., 7 La. Ann. 229, that in order for the court to reform an insurance contract, there must have been either mutual mistake or mistake on one side and fraud on the other.

The ruling in the two cases was approved in Hardin Bag Co. v. Milwaukee Mechanics' Ins. Co., 160 La. 439, 107 So. 298.   Also in Brodie v. Atlas Assur. Co., 158 La. 695, 104 So. 620.

And it is said in Corpus Juris, vol. 26, p. 104, that in a proper case shown a court of equity "will reform a written contract of insurance on the ground of accident, fraud, or mistake.   Such mistake, among others, may be one in reference to the amount of insurance;   the term and duration of the risk;   the property or interest covered by the policy;   or the name of the person insured and the ownership of the property."

█ There appears to be no evidence of fraud on the part of the insurance company. The judge below found that the policy was not issued in accordance with the agreement

between the parties and ordered the policy to be corrected accordingly.

We find no difficulty in arriving at the same conclusion after carefully considering the evidence.

It appears that Walker had been engaged in business for himself and had obtained a policy from the defendant which covered his employees. This policy was to expire on April 29, 1927. He went out of business before that date and was engaged as general manager for plaintiff at its mill at or near Basile, Evangeline parish, this state. Before starting the mill for the plaintiff, Walker was instructed to obtain a compensation policy for the employees. Somewhere around April 20, 1927, before his own policy expired, Walker asked Mr. Lee, local agent for defendant company at Alexandria, if his company could write the Pope-Gammill Lumber Company a policy like the one he had been carrying with them individually. Lee told him he did not know at that time whether he could write the policy in that section of state but would let him know.

Later Lee did write Walker telling him that he could write a policy anywhere in the state. In this conversation Walker told Lee the policy would be for Pope-Gammill Lumber Company at Basile, La., small sawmill operation as he had been carrying.

Some few days after this conversation, at the request of her husband, Mrs. Walker called Lee, defendant's agent, on the phone, and told him that she was talking for Mr. Walker and wanted him to write the same policy for Pope-Gammill Lumber Company, at Basile, that Walker had been carrying individually. Mr. Lee understood Mrs. Walker to say the policy was to be written for Polk and spelled the word, whereupon she told him Pope-Gammill and not Polk, and at Lee's request she spelled the word Pope. Lee then wrote the name Pope-Gammill Lumber Company and spelled to Mrs. Walker, and she said that was correct. Lee then told Mrs. Walker that he would be glad to write the policy.

A policy was written a few days later, but the name of M. A. Walker was given as the employer instead of the Pope-Gammill Lumber Company. In item 3 of the declarations of the policy it was stated that the location of the plant or place of the employer was Pope-Gammill Lumber Company, Basile, La.

The policy was received by Walker, and a check drawn in the name of Pope & Gammill per pro. W. A. Walker was sent to the insurance company covering the minimum premium, which check was accepted by the company.

The check was dated May 4, 1927.

When Walker came home he looked over the policy and saw the error in making it out in his name. Mrs. Walker then called Mr. Lee and told him of the error, and he said that the company would be glad to correct. But later the matter was called to the attention of Gammill, and he was of the opinion that the policy was all right as written; his reason being that the Pope-Gammill Lumber Company were the people in business at Basile and that Walker was their manager and employer.

No correction of the policy was made, and on May 5, 1927, one of the plaintiff's employees was injured. Thereafter the insurance company denied liability and refused to correct the policy so as to make it effective in plaintiff's favor from the original date of the policy.

The defendant's agent Lee admits that he had a conversation with Walker prior to issuing the policy, in which it was understood that Walker did not want a policy for himself, but that if defendant could write a policy

for operations at Basile he wanted it in the name of the Pope-Gammill Lumber Company.

"Q. So then on that occasion you understood from him (Walker) that if you could write insurance at Basile, the Pope-Gammill Lumber Company might place insurance with you? A. Yes, sir."

The defendant's agent also admits that Mrs. Walker called him on the phone and requested him to write the policy. He was not positive as to who Mrs. Walker wanted the policy issued to and could not remember the exact words, but said that it seemed to him that Mrs. Walker said she wanted the policy renewed for Mr. Walker at Basile, Pope-Gammill Lumber Company.

Lee further testified that the only difference between the former policy in Walker's name and the one under consideration was the effective and expiration dates and difference in location.

On May 12th after the plaintiff through Walker had sent the defendant a check for the minimum premium on the last policy issued, the defendant sent Walker a statement of account addressed to Basile in which he made the following statement:

"Mr. Walker this is a complete itemized bill of your account. The last policy (the one sued on) was written for Pope-Gammill Lumber Co. We would thank you for a check to cover a part of this account."

Our conclusion is that the policy issued does not conform to the intention of both parties; that it was issued and accepted through error and mistake and should be corrected.

■ It appears that the injured employee brought suit against the plaintiff herein and recovered judgment for compensation at the rate of $19.50 per week for 100 weeks, the same being 65 per cent. of the weekly wages he was receiving at the time of the injury, and in the petition herein the plaintiff alleges that it is paying said weekly compensation, and that the amount due to date (suit was filed December 6, 1927) has been paid.

In their brief counsel for defendant claims that the plaintiff only paid the employee $1,025, and that should be the limit of plaintiff's recovery against defendant if entitled to recover anything.

The contention seems to be based on the evidence of the injured employee. We do not so understand the employee's testimony. He says that the plaintiff has paid him $1,025, but that said amount was not paid as a lump sum settlement, nor as a settlement in full of his compensation.

He says it was understood that if the plaintiff lost the suit against the insurance company the plaintiff would pay the balance, and that if the suit was successful the insurance company would have to pay.

The contention that a lump sum settlement was made is not sustained by the evidence.

■ This is not a case in which attorney fees may be imposed on the insurance company.

The judgment appealed from is therefore affirmed.