## THALSHEIMER v. PACIFIC FIRE INS. CO. et al.

### No. 16630.

Court of Appeal of Louisiana. Orleans.

Oct. 18, 1937.

Weiss & Weiss, of New Orleans, for appellant.

Deutsch & Kerrigan & Burke, of New Orleans, for appellees.

WESTERFIELD, Judge.

This is a suit for the reformation of an insurance policy and for the recovery under the policy as reformed of the sum of $463.84. The petition in substance alleges that Mrs. Maria T. Thalsheimer, wife of Achille Thalsheimer, is the beneficiary named in a certain policy of insurance known as "worldwide floater policy" issued by the Pacific Fire Insurance Company through its local agents in the city of New Orleans and covering the personal effects and baggage of petitioner when on a journey against loss due to any cause up to the sum of $1,000; that the said policy was issued on July 5, 1934, for a period of five months, thus, by its terms, expiring December 5, 1934; that the loss, for which this suit is brought, occurred on December 7, 1934, or two days after the expiration date mentioned in the policy, when the personal baggage of petitioner was being transported in the harbor of Greytown, Nicaragua, in the customary manner in a boat which, because of rough weather, was swamped and sunk with the result that her baggage was a total loss; that although the policy expired on the 5th day of December, 1934, the date should have been December 22, 1934, because the

$20 premium paid by plaintiff called for and entitled her to a coverage for five months and seventeen days instead of five months as mentioned in the policy; and that the error in the policy with reference to the expiration date was not discovered by the insurance company, its agent, or by plaintiff until after the expiration of the policy and after the loss had occurred.

The defendant answered admitting the issuance of the policy and the receipt of the premium and defended on the ground that no error had been made in the issuance of the policy which, at the time of the loss, had expired.

There was judgment below in defendant's favor dismissing plaintiff's suit, and she has appealed.

■ It is well settled that equity will reform an insurance policy which does not reflect the contract which it purports to evidence. Gaudet v. North River Insurance Company, 156 La. 719, 101 So. 118. The mistake must be mutual or because of fraud on the one side and mistake on the other. 6 Couch's Cyclopedia of Insurance Law (1930 Ed.) § 1391, p. 4982. See, also, Brodie v. Atlas Assurance Company, 158 La. 695, 698, 104 So. 620; Davega v. Crescent Mutual Insurance Company, 7 La.Ann. 228; Lippincott v. Insurance Company, 3 La. 546, 23 Am.Dec. 467; Topps v. North British & Mercantile Insurance Company (La.App.) 148 So. 470; Continental Casualty Company v. City of Ocala, 99 Fla. 851, 127 So. 894.

■ The law is well settled, the question presented is one of fact. If, as plaintiff contends, an order was given to and accepted by a representative of the defendant insurance company for $20 worth of protection and the defendant accepted the order and failed to give the amount of insurance which its agent had contracted to deliver, there undoubtedly has been a mutual mistake and the policy should be reformed so as to comport with the agreement between the parties. On the other hand, if, as defendant contends, plaintiff purchased a policy for a definite period without regard to what might be obtained for the same money, then there has been no mistake and plaintiff got what she bought. We turn to the record in order to find the facts.

It is admitted that the character of policy purchased by plaintiff requires the payment of an annual premium of $30; that regardless of the time for which the coverage is wanted it will not be issued for less than $20; that $20 figured on the "short rate" basis will buy five months and 17 days worth of insurance. It is explained that the "short rate" basis means that, if a policyholder after obtaining a policy for one year cancels it at any time before five months and seventeen days, $10 of the $30 annual premium would be returned to him and the policy continued in force for five months and seventeen days.

H. A. Hammers, employed as an underwriter by Emery & Kaufman, Ltd., the local agent of the defendant insurance company, testified that policies are never issued in days but always for months, and that the only way a coverage of five months and seventeen days could be obtained was by the short rate table when the policy is canceled out after having been originally written for a year. He admitted, however, that if an insured demanded five months and seventeen days coverage that a policy for that term would probably have to be written and that he could see no objection to it, though he did not know of a case where a policy of that sort had been written.

Mr. Harry S. Kaufman, vice president and general manager of Emery & Kaufman, Ltd., confirmed Mr. Hammers in regard to the manner in which policies are issued and in his explanation of the short rate cancellation.

Mrs. Thalsheimer was represented in the transaction by her husband, who opened negotiations with a solicitor in the employ of Emery & Kaufman, Ltd., by the name of King. He stated that his wife was planning a trip to Nicaragua in July, 1934, intending to be absent from New Orleans about three or four months; that he consulted with King about a policy which would protect her baggage while on her trip; that King told him that the annual premium would be $30, and he replied that his wife would not be gone a year and would probably be absent only a few months; that King informed him that $20 was the minimum price for which a policy for any period of time would be issued and that he asked for and King agreed to obtain for him a policy on this basis covering whatever time $20 would pay for.

King, on the other hand, denies the statement of Thalsheimer to the effect

that he had bought $20 worth of coverage and declares that Thalsheimer told him that his wife would be absent three or four months and agreed to pay $20 for a worldwide floater policy covering her personal effects during that trip, and that he wrote an application for Thalsheimer for four months which was afterwards changed to five months by Mr. Hammers, defendant's underwriter. Hammers confirms King and explains that he added the extra month because it cost Thalsheimer no more and if Mrs. Thalsheimer was late in returning from her trip her baggage would be protected during the period of delay.

The loss which Mrs. Thalsheimer sustained did not occur on the trip which was in contemplation when the policy was written but afterwards during another trip which she started upon in October, from which she was returning, on December 7th, when her baggage was lost in the manner we have described.

■ There is no allegation or proof of fraud, so that the sole question is whether there has been a mutual mistake. It is not denied that the additional seventeen days could have been procured by Mrs. Thalsheimer for the same premium by means of cancellation on the short rate basis, and it is practically admitted that insurance for that period could have been had for that money without resorting to the cancellation on the short rate basis if it had been demanded initially. But simply because Mrs. Thalsheimer might have obtained seventeen days additional insurance for the same money is

no reason why we should reform her contract of insurance so as to bring her loss within the coverage of the policy, unless her original agreement, which her husband made, with the defendant's agent, can be said to have covered the longer term. Equity will reform a contract but will not make a new one. See 2 Cooley's Briefs on Laws of Insurance, p. 1415.

■ We have reached the conclusion from the evidence that the plaintiff has failed to prove that a different agreement was made than that which is reflected by the policy. In the first place, an order for $20 worth of insurance is an unusual one. Most persons requiring coverage of one sort or another usually stipulate for a definite period. Mrs. Thalsheimer in July intended to and did make a trip of about three months duration, a fact which tends to corroborate the defendant's witness King, with whom the original policy was negotiated. The fact that King made application on Thalsheimer's behalf for a coverage of four months is also a corroborative circumstance.

We are convinced that Thalsheimer ordered a policy covering his wife's baggage during her July trip and that the October trip was not thought of at the time. The policy coverage, therefore, correctly reflected his agreement with defendant's agent and contained no mutual mistake which would justify its reformation.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.