### No. 3377

### Second Circuit

## FRASIER v. HARTFORD FIRE INS. CO.

(December 19, 1928. Opinion and Decree.)

. J. W. Elder, of Ruston, attorney for plaintiff, appellant.

J. C. Hollingsworth, of New Orleans, attorney for defendant, appellee.

ODOM, J. This is a suit to recover loss by fire under a policy issued by the defendant company. Plaintiff alleged that defendant had issued to him its policy indemnifying him against loss by fire, said policy covering his residence and barn, situated in the Parish of Lincoln, and that the property covered by the policy had been destroyed, and he asked to recover the amount of the loss. Plaintiff alleged that he was unable to attach to his petition the fire insurance policy for the reason that same was not then in his possession, but had been delivered to the Federal Land Bank, of New Orleans, from which he had secured a loan on the property.

The defense is that plaintiff breached certain warranties contained in his application for the insurance, which application was made a part of the policy. In defendant's answer, it is alleged that plaintiff, in his application for the insurance, made a false statement in answer to the question as to whether he had previously sustained losses by fire. Question 9 in the application reads:

"Have you ever suffered loss by fire? If so, give complete answers to questions on reverse side of application."

To which the application filed in evidence shows he answered "no."

On the trial of the case, plaintiff offered to prove that the application, insofar as it shows that he answered said question in the negative, is incorrect; that, as a mat-ter of fact, when he signed the application the word "no" was not written into it. The defendant objected to this testimony on the ground that oral testimony was not admissible to vary, amend or explain the written application because the signature to the application is admitted, and the plaintiff is estopped to set up any conditions of fact other than as shown in the written application. This objection was sustained by the Court on the ground that "there is no allegation in his petition of fraudulent alterations in the application for the insurance, and without such the question could not be gone into on the trial." We think the District Court erred in this ruling. The plaintiff, at the time he filed his suit, could not foresee the defense which would be offered. His attorney did not have before him either the policy of insurance or the application which plaintiff had signed. Plaintiff's contention is that the word "no," in answer to said question, was not written into the application at the time he signed it. If the application for the policy be in fact a forgery, insofar as the answer to that question is concerned, plaintiff should be permitted to prove that fact. He could not plead against the defense made.

"When defendant, in his answer, alleges on his part new facts, these shall be considered as denied by the plaintiff; therefore, neither replication nor rejoinder shall be admitted."

C. P. Article 329, and authorities cited thereunder; Keystone Life Insurance Co. of La. vs. Schlemmer, 122 La. 280, 47 So. 606.

Counsel for defendant, in support of his contention that no oral testimony on this point was admissible in the absence of any allegation that the application for the insurance was a forgery, cites the case of Da Vega & Co. vs. Crescent Mutual Insurance Co. of New Orleans, 7 La. Ann. 228.

That case is not in point. The controversy in that case was over the question as to what kind of protection the assured was given under the policy, it appearing that there was a misunderstanding between the insurance company and the assured, and the Court held that if the policy, which was in the hands of the plaintiff at the time he brought the suit, was not properly filled ·out so as to express the intention of the parties, plaintiff should have alleged that fact and asked that the policy be reformed so as to conform to the facts and the understanding of the parties. It is different in the case at bar. The application for the insurance was not in the hands of the plaintiff at the time he filed his suit, but was in the hands of the defendant company and plaintiff could not foresee that there had been something written into the policy, as he claims, which was not written therein at the time he signed it, and, therefore, he could not plead against such a defense.

Under the Article of the Code of Practice above quoted, the special defense set up by defendant is considered denied by plaintiff, and he has the right, under our system, to meet that defense by introducing testimony to contradict it.

We express no views on the merits of the case, but think the Court erred in refusing to admit the testimony which plaintiff offered on the point.

For the reasons assigned, the judgment appealed from is set aside and the case is remanded to the lower court for a new trial; costs of this appeal to be borne by the appellee; all other costs to await the final result.