HALL, Judge.
Plaintiff brought suit in the First City Court for the City of New Orleans on a group life, accident and health policy seeking to recover from the defendant insurer the sum of $332.86 for hospital and other medical services rendered to her dependent minor son, Philip Quartararo, Jr. She also prayed for statutory penalties and attorney’s fees. Defendant answered and reconvened for the sum of $124.81. Judgment was rendered in favor of plaintiff for $332.86 plus interest and costs. Further judgment was rendered dismissing defendant’s reconventional demand. Defendant appealed.
Plaintiff was insured under a group life, accident and health policy while in the employ of Kelly-Generes Construction Company. The master policy was issued by defendant to plaintiff’s employer on Septem *22 ber 1, 1961 and on the same date plaintiff signed an application for coverage thereunder and was issued a certificate of participation in the group insurance. The plan of coverage applied for by plaintiff was “with dependent insurance,” meaning major medical coverage for her dependents.
On February 3rd 1962 plaintiff’-s son, Philip Quartararo, Jr., was injured in an automobile accident and was taken to Hotel Dieu Hospital from which he was discharged on February 10, 1962. Although insisting that it was not liable therefor, for the reason hereinafter stated, defendant paid the hospital bill of $277.82 rendered February 14, 1962 by Hotel Dieu. Defendant however refused to pay the surgeon’s bill and subsequent hospital expense totalling $332.86 rendered necessary by the accident. This suit followed.
In its answer defendant alleged that plaintiff’s son was ineligible for benefits under the terms of the policy, being over 19 years of age when the policy was issued. Defendant further alleged that it paid the Hotel Dieu bill of $277.82 because it was obligated to do so under an agreement made'between a number of the major hospitals in New Orleans, including Hotel Dieu, and a number of insurance companies writing group insurance, including defendant, wherein it was agreed that if the employer of an employee covered under a group insurance policy of this type certified to a hospital that the.employee was insured for certain benefits under a particular group policy the hospital might rely upon such certification in extending credit to the insured employee or his dependent, and that notwithstanding any error which the employer might have made in such certification, the hospital could nevertheless expect ■ payment from the insurance company.
Defendant further alleged that it had no knowledge of the ineligibility of plaintiff’s son to receive dependent benefits until after it had received the bill of Hotel Dieu which revealed his age. Defendant acknowledged that it was indebted to plaintiff for $153.01 for premiums collected in error, and alleged that it was entitled to a judgment in reconvention against plaintiff for $124.81 being the difference between the sum of $277.82 by which plaintiff has been unjustly enriched by defendant’s payment of the Hotel Dieu bill and the sum of $153.01 return premium due by it to the plaintiff.
In her original petition plaintiff had alleged that prior to the date of issuance of the group policy defendant’s agents had interviewed all employees of Kelly-Generes Construction Company and had been fully advised of all facts, including the age of her dependent son, Philip Quartararo, Jr., and that said agents had represented to plaintiff that said minor son would be covered under said policy. Following the filing of defendant’s answer and reconven-_ tional demand plaintiff amended and supplemented her original petition by alleging that the policy issued by defendant failed and neglected, through mutual mistake and error of the parties, to express the true understanding and agreement of the parties and prayed that the policy be reformed so as to include coverage for Philip Quar-tararo, Jr. Plaintiff further alleged in the alternative that defendant is estopped from denying coverage to Philip Quartararo, Jr. as a result of its acceptance of premiums for such coverage with full knowledge of the age of said dependent prior to the issuance of the policy.
When the case was called for trial the parties stipulated to, and filed in evidence, a copy of the group policy and all the • documentary evidence necessary to the trial. Thereupon plaintiff was called to the wit-, ness stand to testify in her own behalf. When she was questioned about her alleged verbal assurance by the defendant’s agents that her over-age son would be covered under the policy as a dependent, defendant’s counsel objected to any and all evidence which might vary or contradict the terms of the policy. The Trial Judge re *23 ferred the objection to the merits and permitted her to testify about such alleged verbal assurance. Plaintiff’s testimony constituted all of the testimony adduced in her behalf.
It is undisputed that Philip Quartararo, Jr. was over 19 years of age on the date the policy was written, and under the plain and unambiguous terms of the policy a child over 19 years of age was ineligible for dependent benefits. It is clear therefore that in rendering judgment in plaintiff’s favor, the Trial Judge did so solely on the basis of the testimony which was admitted over defendant’s objection.
Defendant contends that the Trial Court erred in admitting, over his objection, pa-rol testimony to vary or contradict the terms of a contract of insurance, particularly when the contract (as it does in the instant case) contains the statutory provision that no agent has authority to change or waive any conditions and that no change shall be valid unless approved by an executive officer of the insurer and endorsed on the contract, citing LSA-C.C. Art. 2276; LSA-R.S. 22:213; LSA-R.S. 22:628 and Shuff v. Life and Casualty Ins. Co. of Tennessee, 164 La. 741, 114 So. 637.
Plaintiff contends that where there is mutual error between the insured and the insurance agent as to coverage the policy will be reformed and judgment rendered under the policy as so reformed, citing Brodie v. Atlas Assurance Co., Limited, 158 La. 695, 104 So. 620; Hardin Bag Co., Inc. v. Milwaukee Mechanics’ Ins. Co., 160 La. 439, 107 So. 298, both of which cases involved fire insurance'policies.
We shall not undertake to discuss plaintiff’s testimony regarding the alleged verbal assurance by defendant’s agents (which was categorically denied by the agents) that her over-age son would nevertheless be covered under the policy “as long as he was a student,” for the reason that in our opinion all such testimony was inadmissible and should have been excluded by the Trial Judge.
LSA-R.S. 22:213, regulating health and accident policies, provides in part as follows :
“A. Required provisions — Each such policy shall contain in substance the following provisions * * *:
“(1) Entire contract: Changes: This policy, including the endorsements and the attached papers, if any, and in case of industrial insurance, the written application, constitutes the entire contract of insurance. No agent has authority to change this policy or to waive any of its provisions. No change in this policy shall be valid until approved by an executive officer of the insurer and unless such approval be endorsed hereon or attached hereto.”
LSA-R.S. 22:628 provides as follows:
“No agreement in conflict with, modifying, or extending the coverage of any contract of insurance shall be valid unless in writing and made a part of the policy. This Section shall not apply to contracts provided in Part XV of this Chapter.” (The exception applies to fire insurance policies).
The policy in question here, in conformity with the statutory provisions, contains the following language:
“This policy, the application of the policyholder, a copy of which is attached hereto, and the individual applications, if any, of the employees constitute the entire contract between the parties * * * No agent has authority to change this contract or waive any of its provisions. No change under this policy shall be valid unless approved by an executive officer of the Massachusetts Mutual and evidenced by endorsement hereon, or by amendment hereto, signed by the policyholder and by an executive *24 officer of the Massachusetts Mutual. For the purpose of this section, the President, a Vice-President, Secretary or an Assistant Secretary shall be considered as an executive officer of the Massachusetts Mutual.”
We are aware that there are many decisions both in this state and elsewhere which permit reformation of insurance contracts even after the loss has occurred. (See generally 29 Am.Jur. § 338 et seq. beginning at page 702; 44 C.J.S. Insurance § 278 et seq. beginning at page 1108; West’s Louisiana Digest Vol. 11 verbo “Insurance” ®=>143).
However we are of the opinion that to permit reformation by parol testimony of the contract in question here so as to .change the status of Philip Quartararo, Jr., after the loss had occurred from that of an ineligible to an eligible dependent would be. to destroy and render utterly ineffectual the above quoted provisions of the Insurance Code as well as the' provisions of the contract. We have been cited to no decision, and in our limited time for research have found none, in which an insurance contract containing similar statutory provisions has been permitted to be changed in such respect by parol after the loss has occurred under the guise of reformation.
We are of the opinion that the Trial Court erred in not maintaining defendant’s objection to plaintiff’s testimony. Had such testimony been excluded no basis for his decision in plaintiff’s favor would remain. Plaintiff contended in the alternative that defendant is estopped from denying coverage to her son because it had accepted premiums for dependent coverage with full knowledge that her son was over 19 years of age when the policy was issued. The record reveals that plaintiff’s signed application for coverage simply stated that she had an “eligible dependent” and that she applied for the plan “with dependent insurance.” The record also reveals that prior to signing the application plaintiff well knew policy age limit on dependent children. Nowhere in her application is any information required or given as to her dependent’s name or age and defendant had no knowledge of his age or even his name until receipt of the bill from Hotel Dieu.
The record reveals that plaintiff’s employer through an error on its part certified to Hotel Dieu Hospital that plaintiff’s son, Philip, was entitled to dependent benefits under the group policy. When the defendant insurer was presented with Hotel Dieu’s bill it became informed, for the first time, through information contained in the bill, that Philip was over 19 years of age and consequently ineligible for dependent benefits under the policy. Defendant nevertheless paid the bill, protesting that it did so solely because of its agreement (denominated “New Orleans Group Hospital Admissions Plan”) with Hotel Dieu and other hospitals whereby it agreed to pay hospital bills notwithstanding any error made by its group policyholders in their certifications of coverage.
Plaintiff was not legally entitled to payment of this bill by the insurer and was unjustly enriched by the amount of such payment ($277.82) and defendant is entitled to be reimbursed by plaintiff therefor. However plaintiff is entitled to an off-set of $153.01 representing the refund of premiums paid by plaintiff for the coverage of' her ineligible son, thus making a net amount of $124.81 due by plaintiff to defendant.
. For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered in favor of the defendant, Massachusetts Mutual Life Insurance Company, and against the plaintiff, Mrs. Laura Quartararo, rejecting said plaintiff’s demands and dismissing her suit at her cost. Further judgment is rendered in favor of Massachusetts Mutual Life Insurance Company, plaintiff in reconvention, and against Mrs. Laura Quartararo, defendant in re-convention, in the full sum of $124.81 to *25 gether with legal interest thereon from September 4, 1962 until paid, and for costs ; costs of this appeal to be borne by plaintiff-appellee.
Reversed and rendered.