291 So.2d 852 (1974)
HARTFORD FIRE INSURANCE COMPANY, Plaintiff-Appellant,
v.
ROGER WILSON, INC., et al., Defendants-Appellants.
No. 4420.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1974.
Rehearings Denied April 11, 1974.
Writs Refused May 31, 1974.
*853 Mayer & Smith by Caldwell Roberts, Shreveport, for plaintiff-appellant.
Blanchard, Walker, O'Quin & Roberts by Wilton H. Williams, Jr., Shreveport, Bethard & Bethard by Henry W. Bethard, III, Coushatta, for defendants-appellees.
Before FRUGÉ, MILLER and PONDER, JJ.
FRUGE, Judge.
This matter has been previously considered by this Court, 252 So.2d 161. At that time we vacated the judgment of the trial court and remanded the case for further proceedings not inconsistent with our opinion. The final judgment rendered by the trial court has been appealed by all parties.
This suit was instituted by Hartford Fire Insurance Company against Roger Wilson, Inc.; Bituminous Casualty Company; and Jesse Standifer. Hartford sought a determination of its liability under an insurance policy issued to Roger Wilson, Inc. on a 1967 Caterpillar Tractor, Model D-7E (a bulldozer). The bulldozer was damaged by fire on October 26, 1968, near Marthaville, Louisiana. The fire occurred on land owned by Boise-Cascade and being cleared by Jesse Standifer.
Bituminous had also issued an insurance policy to Roger Wilson, Inc. on the same bulldozer. Each policy provided coverage of $30,000.00. The double insurance apparently resulted from error on the part of Roger Wilson. Wilson purchased the partnership of Wilson and Tate and incorporated the business. He secured coverage *854 on the bulldozer from Bituminous apparently unaware of the Hartford policy.
Wilson filed a Proof of Loss with Bituminous on November 8, 1968. The bulldozer was appraised as a total loss by the Louisiana Machinery Company of Bossier City, Louisiana. Bituminous obtained the consent of its insured to transport the machine to Boyce Machinery Company of Reserve, Louisiana, for appraisal. Bituminous agreed to pay all costs of transportation and appraisal.
Boyce Machinery Company rendered an estimate for repair of the bulldozer. An agreement was reached by Bituminous and Wilson under which Boyce Machinery was to repair the bulldozer and return it to Wilson. The bulldozer was repaired for $22,453.08 and returned to Wilson on March 12, 1969. This agreement subsequently involved litigation in another court. The litigation prompted the remand of the first appeal by this court.
A Proof of Loss was filed with Hartford by Wilson on June 19, 1969, for $30,000.00. Hartford learned of the existence of the other policy and of the repair and return of the machine to Wilson for less than the Proof of Loss. Hartford then filed suit asserting its position that it owed only one-half of the cost of repairs, that Bituminous owed the other one-half and deposited the sum of $9,450.72 into the registry of the court.
Roger Wilson, Inc., filed an answer and reconventional demand in which it asked for recovery of the total amount of repairs plus $5,000.00 in attorney's fees from Hartford and Bituminous, in solido, penalties of $5,613.27 and the return of one-half the insurance premium from each of them. Standifer answered in proper person, denying any liability but took no further part in the litigation except to give a deposition. Bituminous answered the petition, asserting it had no liability because of an exclusion of coverage when the machine was leased, loaned or rented to others. Both Hartford and Bituminous answered the reconventional demand.
After trial, judgment was rendered on the reconventional demand in favor of Roger Wilson, Inc., and against Hartford and Bituminous, each in the amount of $11,101.54, (one-half of the cost of repairs of $22,453.08), less $250.00 deductible. Appeals were taken to this Court.
Boyce Machinery Company filed suit against Bituminous in the Nineteenth Judicial District, East Baton Rouge Parish for the cost of repairing the bulldozer. Judgment was rendered against Bituminous for the full amount of the repairs. Bituminous paid this judgment. Bituminous and Hartford filed motions to remand this case then on appeal for the purpose of allowing the introduction of the record of the East Baton Rouge Parish suits to prevent the unjust enrichment of Wilson.
This Court in its decision, one judge dissenting, expressed the opinion that the trial court was correct in its judgment against the two insurance companies, except for the deduction of $250.00, the parties agreeing the deductible provision did not apply to a fire loss. We further opined penalties and attorney's fees "may very well be due Wilson from either or both of the insurance companies under La.R.S. 22:658." The judgment was annulled, avoided and reversed and the matter remanded for further proceedings "not inconsistent with the views herein expressed." Writs to the Supreme Court were refused on the grounds that the judgment was not final, the rights of all parties to complain on final judgment being reserved.
Hartford then filed an amended petition seeking to deposit in the registry of the Court an additional amount to cover its admitted liability of $11,226.54, plus legal interest on the difference of the tenders, which it calculated as $178.12 and one-half the court cost accrued to date. Bituminous filed an answer and a reconventional demand asserting against both Roger Wilson, *855 Inc., and Hartford its claim for recovery of $22,453.08 it had paid in satisfaction of the judgment obtained in the Nineteenth Judicial District Court. Hartford answered the reconventional demand but Roger Wilson, Inc., filed objections thereto on the grounds that it came entirely too late, the matter had already been decided, it brought in entirely new matters, the Court had not granted leave for the filing and res judicata. Reserving its rights, it then filed answer. Thereafter, on April 27, 1972, by ex parte motion and order Wilson withdrew from the registry of the court the $11,404.62 deposited by Hartford.
The trial court awarded judgment in favor of Roger Wilson, Inc., and against Hartford and Bituminous in the amount of $11,226.54 each, attorney's fees of $2,500.00, and statutory fees of 12 percent plus legal interest from date of judicial demand each in favor of Roger Wilson, Inc., "less credit for any and all amounts paid either under judgment of Court or by deposit in the registry of the Court . . .".
Upon motions for a new trial for the purposes of reargument only, the Court then rendered judgment in favor of Bituminous and against Roger Wilson, Inc., in the amount of $11,226.54, and in favor of Roger Wilson, Inc. against Bituminous and Hartford for $2,500.00 attorney's fees and penalty of 12 percent each. The motion for a new trial filed by Roger Wilson, Inc., was denied. All parties have appealed.
The original opinion of this Court disposed of several matters based on the evidence contained in the record at that time. We have made a thorough review of that evidence and have considered the additional evidence introduced on remand. Our opinion remains that there was no lease of the bulldozer, since there was no manifest error in the trial court's determination that there was no agreement as to "the price" between Wilson and Standifer and the bulldozer was not in use at the time of the fire. The denial of Wilson's demand for the return of the premiums and the disallowance of the $250.00 deductible amount were similarly correct.
The case was remanded to the District Court because of the possibility that Roger Wilson, Inc. might have been unjustly enriched as a result of the judgment rendered in the Nineteenth Judicial District Court. Wilson has objected to the filing of the reconventional demand against it upon remand by Bituminous.
The suit was remanded to allow the introduction of the other suit and its consequences. In order to protect itself from a double recovery by Wilson, Bituminous filed the reconventional demand. Although the trial court did not grant leave to file the reconventional demand, the trial court evidently agreed with the position that the pleading was within the purview of the instructions given by this Court.
This was certainly within the scope of the remand order. It was necessary that Bituminous protect itself against recovery by Wilson from Hartford since Wilson had received a fully repaired bulldozer. If Bituminous could not proceed directly against Hartford there would have been no other procedural device to provide effective protection.
It is evidence from the introduction of the record of the other suit unjust enrichment would occur if Roger Wilson were allowed to retain the deposit made by Hartford. Wilson received the bulldozer in March of 1969. The judgment held that Bituminous was responsible for the repairs. Roger Wilson, Inc. was entitled to a repaired dozer and it has received that. The withdrawal of the deposit made by Hartford has resulted in a double recovery by Wilson.
The evidence in the other suit indicates a compromise or settlement was reached with Wilson by Bituminous regarding the repair of the bulldozer. Written letters introduced into the record of that suit evidence a proposal to repair the dozer and *856 two alternates were submitted to Wilson by Bituminous. These proposals were submitted to Wilson with the understanding that if a settlement could not be reached within 15 days, the dozer would be returned to Wilson in Shreveport at the cost of Bituminous. It is apparent, however, that an agreement was reached between Bituminous and Wilson for the repair of the dozer. Bituminous undertook to repair the dozer and returned it to Wilson in May, except for $1,000.00 depreciation which was to be paid by Wilson. Under these circumstances, Bituminous contracted with Boyce Machinery for the repair of the dozer. The judgment of the Nineteenth Judicial District Court was that Bituminous had contracted with Boyce and was therefore solely liable for the cost of the repairs. Since it appears to this Court that a settlement had been reached by Bituminous and Wilson, and repairs had been effected at the instigation of Bituminous, and since there was no lease of the bulldozer which was not in use at the time of the fire, Bituminous has no policy coverage defense.
Hartford deposited one-half the costs of the repairs maintaining that Bituminous was responsible for the other one-half. We have held that Bituminous's exclusion did not apply and that it settled the dispute with its insured. Bituminous had paid the full cost of repairs of the bulldozer. Bituminous is entitled to recover one-half of these costs plus the interest Hartford deposited.
We agree with Hartford's contention that the two policies contain similar clauses which provide that the coverage of each policy becomes excess coverage if other valid insurance applies. These clauses are mutually repugnant. They are, therefore, ineffective. To apply them would remove the insurers' primary liability. Graves v. Traders and General Insurance Co., 252 La. 709, 214 So.2d 116 (1968). We, therefore, affirm the trial court's apportionment of the loss equally between Hartford and Bituminous.
Since Wilson withdrew the entire deposit made by Hartford, the trial court correctly granted judgment in favor of Bituminous against Wilson in the amount of the deposit. As we said before to allow Wilson to retain this deposit would unjustly enrich Wilson at the expense of Bituminous.
We now consider the issues raised by the assessment of penalties and attorney's fees by the trial court upon remand. In our original opinion, the order of remand directed the trial court to consider the matter after evaluating all the evidence. The insurers have complained of the trial court's award.
The statute requires an arbitrary and capricious refusal to pay after demand (La.R.S. 22:658). It appears from the facts that the two insurers were confronted with Proof of Loss for the full amount of their policies. The bulldozer had been repaired and returned to the insured for less than the coverage of either policy. Hartford sought a judicial determination of how much and who it owed. We do not think it is desirable that an insurer be subjected to the possibility of multiple or excessive liability under an insurance contract. This was not arbitrary and capricious refusal to pay. Hartford was entitled to a final judicial determination of its ultimate liability under the policy.
The actions of Bituminous cannot be termed arbitrary when it was faced with an insured who had received a repaired bulldozer and was still seeking the full amount of the policies issued by Bituminous and another insurance company. The machine had been repaired and returned to Wilson within a reasonable time by Bituminous. Wilson was entitled to no more under either policy than a repaired machine, a replacement of equal value or the damages in cash.
The claim of the insured that he suffered unnecessary protracted litigation is without merit. Wilson chose to press the claim for $60,000.00 after he had received *857 his bulldozer. The insurers merely sought to protect themselves from the unreasonableness of their insured. Therefore, the judgment of the trial court awarding penalties and attorney's fees to Wilson is reversed.
For the reasons assigned the judgment of the trial court is reversed insofar as it awards penalties and attorney's fees to Wilson, and in all other respects it is hereby affirmed. The costs of this litigation are assessed equally to Bituminous and to Hartford.
Reversed in part; affirmed in part; and rendered.
PONDER, J., dissents and assigns written reasons.
PONDER, Judge (dissenting).
I agree that penalties and attorney's fees should not be assessed against either insurance company, but I disagree that the award against Bituminous Casualty Company should be affirmed.
The Bituminous policy excluded coverage when the machine was leased, loaned or rented to others. By that phrase the company intended to exclude coverage when the machine was in the possession of others. I think it manifest error to hold that the machine was not "leased, loaned or rented" to Jesse Standifer at the time of the fire.
The compromise agreement between Bituminous and Wilson, if confected, would have been made under a mistake of fact induced by Wilson, who did not disclose the agreement with Standifer, and therefore, ineffective. That the machine was not in use at the time of the fire, I consider inconsequential. The dozer had been used that day by an employee of Standifer and was still under the control, at least constructive, of Standifer. Simply stated, I do not agree that the dozer was not leased, loaned or rented at the time of the fire. I, therefore, respectfully dissent.