349 So.2d 462 (1977)
Mrs. Ora Cripps YOUNGBLOOD, Plaintiff-Appellee,
v.
ALLSTATE FIRE INSURANCE COMPANY et al., Defendants-Appellants.
No. 6082.
Court of Appeal of Louisiana, Third Circuit.
August 9, 1977.
*463 Stafford, Randow, O'Neal & Smith by Grove Stafford, Jr., Alexandria, for defendant-appellant, Preferred Risk.
Gold, Hall, Hammill & Little by John F. Simon, Alexandria, for defendant-appellant, Allstate Fire.
Neblett & Fuhrer by Robert B. Neblett, Jr., Alexandria, for plaintiff-appellee.
Before HOOD, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
Plaintiff, Mrs. Ora Cripps Youngblood, owner of a building in Hot Wells, Louisiana, damaged by fire, filed this suit to recover her loss, stipulated to be $16,349.36. The two defendant insurers, Allstate Insurance Company and Preferred Risk Mutual Insurance Company, both had $25,000 coverage on the building when the fire occurred November 7, 1975, due to a ten-day overlap in the terms of their policies.
Preferred Risk was cast in judgment for one-half of the fire damage, $8,174.68. The trial court concluded that Allstate, which paid one-half of the loss on November 23, 1976, the day before trial, was arbitrary and capricious and cast Allstate for $2,480.96 in penalties and attorney's fees. The fees constitute $1500 of this amount.
Allstate and Preferred Risk have appealed from the trial court judgment; Allstate has answered the appeal of Preferred Risk; and Ms. Youngblood has answered both appeals.
The facts are uncontested. Ms. Youngblood, a resident of Pineville, Louisiana, who serves as pastor of the Lakeside United Pentecostal Church, purchased the Hot Wells' property September 17, 1975, at a sheriff's sale. The property included two buildings insured by the previous owner, Wayne D. Joiner, with Allstate. Ms. *464 Youngblood applied for the same insurance to Mr. Melvin Bolton at a Sears' Allstate office. Allstate issued a policy to "Ora C. Youngblood, d/b/a Hot Wells Apartments" (P-6) which provided coverage on the two buildings. One, located at 229 Alexandria Street, later caught fire. The policy took effect on October 2,1975, and was cancelled as of November 13, 1975, six days after the fire. When Ms. Youngblood received a letter in October advising her that her Allstate protection was being terminated, she contacted Brother Robert Galloway, an insurance agent for Preferred Risk, who also serves as pastor of the Wardville Baptist Church in Pineville. Ms. Youngblood told Galloway her insurance with Allstate was being cancelled and she needed other coverage by November 12. Galloway visited the premises to be insured and filled in an application for Ms. Youngblood. Although Ms. Youngblood signed the application, she testified that she had confidence in her fellow pastor and did not check the accuracy of its contents. Galloway testified that both he and Ms. Youngblood intended the coverage to be effective on November 12 or 13, 1975, at the expiration of the Allstate policy. Ms. Youngblood said she did not want double coverage on her property but did imply when she first contacted Galloway that she ". . . wanted insurance right away." (TR. 41) Through an error Galloway attributed to his secretary, the Preferred Risk policy was issued with an effective date of November 3, 1975 and an expiration date of November 3, 1976. After the fire on November 7, Ms. Youngblood first attempted to contact Galloway, but he was out of town and she called Allstate. Subsequently, she also advised Galloway about the fire and was told she was "covered" (TR. 45). Preferred Risk advised Ms. Youngblood by letter dated December 18, 1975, that their policy had never been in effect because her insurance ". . . application misrepresented the facts with respect to prior cancellation . . . of coverage.. . ." (P-7). A check for $25 was sent with this letter which was intended as a refund of Ms. Youngblood's premium payment. The check was not negotiated and is in evidence as Allstate Exhibit # 1.
On appeal, Allstate contends that it was not arbitrary and capricious and should not have been cast for penalties and attorney's fees. Preferred Risk contends that its policy should be reformed to reflect the intention of the parties, since neither Galloway nor Ms. Youngblood intended the purchase of duplicate coverage. In its answer to the appeal of Preferred Risk, Allstate asks that Preferred Risk be cast for all, or, alternatively, one-half, of the penalties and attorney's fees. Ms. Youngblood's answers ask the full amount of the loss, $16,349.36, from each of the insurers, 12% penalties, and an increase in the attorney's fee to $5,000.
The first issue is whether the award of penalties and attorney's fees against Allstate is manifestly erroneous.
In Hartford Fire Insurance Co. v. Roger Wilson, Inc., 291 So.2d 852 (La.App. 3 Cir. 1974) writs denied, 294 So.2d 833, this court affirmed the trial court's apportionment of fire damage to a bulldozer equally between two insurers. Since one insurer had had the bulldozer repaired and made the insured's loss good prior to the filing of suit, penalties and attorney's fees were not assessed. Here, Allstate apparently tendered a check for slightly less than 50% of Ms. Youngblood's loss prior to November 23, 1976. The trial court concluded that it was not timely (TR. 16).
Although the record does not include precise evidence as to what occurred, there is an indication that counsel for Allstate had a check at the pretrial conference. This check was, for some reason, not acceptable and counsel undertook to obtain another check. A period in excess of the statutory delays, from the pretrial on August 11,1976 until the day before trial or November 23, 1976, elapsed before Allstate produced an acceptable check in payment, despite repeated written demands by counsel for plaintiff. Allstate's failure to pay under the circumstances was arbitrary and capricious.
*465 Allstate contends on appeal that formal demand for payment was never made. This is disputed by Ms. Youngblood's counsel, who states in brief that the point was never at issue. We do not have a transcript or summary of the pretrial conference, where the question may have been settled.[1] However, demand for payment is not necessary when an insurer is fully aware of a claim and only the amount due because of co-insurance is disputed. Arcadia, Bond. Warehouse Co. v. National Un. Fire Ins. Co., 206 La. 681, 19 So.2d 514 (1944). A proof of loss need not be in writing. Artigue v. La. Farm Bureau Mut. Ins. Co., 339 So.2d 880 (La.App. 3 Cir. 1976) writ denied 341 So.2d 1132 (La.1977). Ms. Youngblood testified that she notified Allstate of her loss immediately after it occurred. Suit was filed March 16, 1976, and payment was not made by Allstate until November 23, 1976. Allstate's failure to pay Ms. Youngblood's loss within the statutory delay set out in LSA-R.S. 22:658 was without cause and justified the trial court's award of 12% penalties and attorney's fees.
The second issue is whether there was coverage under the Preferred Risk policy.
Preferred Risk cannot claim the benefit of any misrepresentation in Ms. Youngblood's application for insurance since the form was filled out by their agent, Galloway. Hardy v. Commercial Standard Ins. Co., 172 La. 500, 134 So. 407 (1931). There was coverage under the Preferred Risk policy, unless there was a mutual mistake which would justify reformation of the insurance contract to reflect the actual intent of the parties. See Gaudet v. North River Ins. Co., 156 La. 719, 101 So. 118 (1924). One seeking to reform a contract to reflect a common intention has the burden of proving that there was mutual mistake. Carter Oil Company v. King, 134 So.2d 89 (La.App. 2 Cir. 1961). The trial court concluded that "There was no mistake." (TR. 16) We agree. There was no exact understanding between Ms. Youngblood and Galloway as to the inception date of the policy with Preferred Risk. The mistake, if any, was unilateral on the part of the agent of Preferred Risk or one of his employees. Topps v. North British & Mercantile Ins. Co., 148 So. 470 (La.App. 2 Cir. 1933). Ms. Youngblood's only concern was that she not be left with a gap in her coverage. Preferred Risk was the first company Ms. Youngblood contacted after her loss on November 7, which indicates she believed her insurance policy with Preferred Risk to be in effect at that time. The trial court correctly concluded that there was coverage under the Preferred Risk policy.
The third issue presented is whether penalties and attorney's fees should also be assessed against Preferred Risk. The trial court's otherwise thorough reasons for judgment do not state why this part of plaintiff's claim was denied. The trial court did mention that the theory relied on by Preferred Risk, that its policy only took effect at the expiration of the Allstate coverage because otherwise Ms. Youngblood would have double coverage, ". . . appears to be an afterthought" (TR. 16).
LSA-R.S. 22:658 is a penal statute, which is strictly construed. However, an insurer must have a reasonable basis to refuse payment of a claim. Soniat v. State Farm Mut. Auto. Ins. Co., 340 So.2d 1097 (La.App. 4 Cir. 1976). The pretext used for non-payment by Preferred Risk was not reasonable. It is clear that Preferred Risk's desire to reform the contract arose as an afterthought of Ms. Youngblood's loss; it was preceded by an after-loss attempt to deny coverage on a different basis. Their agent, Galloway, told Ms. Youngblood after the fire that she had coverage, and it is provided by the clear terms of the policy. Preferred Risk is charged with knowledge of those terms. Pellets, Inc. v. Millers Mutual Fire Insurance Co., 241 So.2d 550 (La. App. 2 Cir. 1970) writ refused, 257 La. 607, 243 So.2d 274 (1971). Ms. Youngblood had a valid claim against both insurers, but, by *466 reason of having two insurance policies in effect, was, through no fault of her own, forced to litigation. Compare Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895 (1958). Preferred Risk's failure to comply with its policy by paying Ms. Youngblood's loss was arbitrary and capricious and Preferred Risk, as well as Allstate, should have been cast for penalties and attorney's fees.
The last issue presented is the amount of attorney's fees to be awarded counsel for Ms. Youngblood. Counsel for plaintiff argues that his fee should be increased substantially from that awarded by the trial court. The record does not support the contention that the trial court abused its discretion in this particular.
It is therefore ordered that the judgment of the trial court be amended to assess 12% penalties against both Allstate Fire Insurance Company and Preferred Risk Mutual Insurance Company in favor of Ora Cripps Youngblood. The judgment is further amended to assess the attorney's fees of $1500 against Allstate Fire Insurance Company and Preferred Risk Mutual Insurance Company, jointly, together with legal interest from date of judicial demand until paid. The judgment of the trial court is otherwise affirmed. The insurers, defendants-appellants, Allstate Fire Insurance Company and Preferred Risk Mutual Insurance Company, are cast jointly for all costs of the appeal.
AMENDED AND AFFIRMED.
HOOD, J., concurs in the result.
NOTES
[1] Allstate's counsel on appeal is not the attorney who tried the case; the latter is now with another firm.